# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Ernie Simmons,** ) | Civil Action No. 2:12-2950-RMG-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| **Berkeley County Sheriff's Department,** ) | |
| **Wayne DeWitt in his official capacity as** ) | |
| **Sheriff of Berkeley County, Chris Collins,** ) | |
| **Mark Fields and Miranda Steele**, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This action was originally filed by the Plaintiff in the South Carolina Court of Common Pleas, County of Berkeley. Plaintiff alleges violations of his constitutional rights by the named Defendants. This action was removed by the Defendants to this United States District Court on October 11, 2012, and a scheduling order was entered October 22, 2012 providing for a discovery deadline of April 18, 2013, with motions due by no later than June 18, 2013.

At the time this action was filed, Plaintiff was represented by counsel. However, on February 18, 2013 Plaintiff's counsel filed a motion to withdraw, stating therein that he had consulted with the Plaintiff and that Plaintiff consented to the motion. By Order filed February 20, 2013, Plaintiff was instructed to submit any objection he might have to counsel's motion, in writing, by no later than March 7, 2013. Plaintiff was further advised that if he failed to object to the motion, the motion would be granted, following which he would have thirty days to retain new counsel, and that

1



if he failed to do so, the case would proceed with Plaintiff representing himself pro se. Plaintiff thereafter failed to submit any filing or to contact the Court in any way, and in an Order filed March 8, 2013, counsel's motion to withdraw was granted. Plaintiff further failed to retain new counsel, and he is therefore now proceeding in this case pro se.

On May 9, 2013, Defendants filed a motion to dismiss this case for lack of prosecution. See Rule 41(b), Fed.R.Civ.P. Defense counsel represents in her motion that she wrote to the Plaintiff on April 10, 2013 asking that he contact her office by no later than April 15, 2013 to discuss Plaintiff's failure to respond to discovery requests from the Defendant, but that as of the filing of the motion no response had been received from the Plaintiff. Defense counsel further represents that the Plaintiff has not provided the Court with any contact information,[1] nor has Plaintiff participated in this litigation in any way. Pursuant to the scheduling order, the discovery period is now closed.

As the Plaintiff is now proceeding pro se, a Roseboro Order was entered by the Court on May 13, 2013, advising Plaintiff of the importance of Defendants' motion to dismiss and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion may be granted, thereby ending his case. However, notwithstanding the specific warning and instructions as provided in the Court's Roseboro Order (which also provided Plaintiff an extended time of thirty-four (34) days to respond to the Defendants' motion), Plaintiff has failed to file any response, or to otherwise contact the Court.

Rule 41(b), Fed.R.Civ.P. authorizes the Court to dismiss an action for failure to

---

[1] The Court's mailings to the Plaintiff have been to an address provided by Plaintiff's former counsel. None of these mailings has been returned.

2



prosecute or for failure to comply with Court orders. "There is no doubt that Federal Courts possess the inherent authority to dismiss a case with prejudice . . . " See Link v. Wabash Railroad Co., 370 U.S. 626, reh'g. denied, 371 U.S. 873 (1962); Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991); Martinez v. Johnson, 104 F.3d 769, 772 (5th Cir. 1997).  Whether to dismiss under Rule 41(b) is a matter for the Court's discretion; see Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978); and the Court of Appeals for the Fourth Circuit has developed a four-prong test to determine whether a Rule 41(b) dismissal is appropriate.  The District Court must consider (1) the degree of personal responsibility of the Plaintiff; (2) the amount of prejudice caused the Defendant; (3) the existence of a "drawn-out history of deliberately proceeding in a dilatory fashion"; and (4) the existence of sanctions less drastic than dismissal. Chandler Leasing Corp. v. Lopez, 669 F.2d 919, 920 (4th Cir. 1982); Tinsley v. Quick & Reilly, Inc., 216 F.R.D. 337, 338 (E.D.Va. 2001); Contreras v. NFN Pettiford, No. 05-3552, 2006 WL 2621866 (D.S.C. Sept. 11, 2006).

      The record in this case shows that Plaintiff has failed to contact the Court or to respond to Court Orders.  Cf. Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989), cert. denied sub nom, Ballard v. Volunteers of America, 493 U.S. 1084 (1990) [Magistrate Judge's prior explicit warning that a recommendation of dismissal would result from plaintiff failing to obey his order was proper grounds for the district court to dismiss suit when plaintiff did not comply despite warning]; see also Chandler Leasing Corp. v. Lopez, 669 F.2d 929 (4th Cir. 1982).  Defendants' counsel also represents as an officer of the Court that Plaintiff has failed to respond to the Defendants' discovery requests, and has also failed to respond to correspondence inquiring into Plaintiff's failure to respond to the Defendants' discovery requests.  Hence, the degree of personal responsibility of the Plaintiff is manifest.  The docket and filings in this case further reveals a "drawn-out history of deliberately

3



proceeding in a dilatory fashion" by the Plaintiff, including a clear failure to prosecute his lawsuit. Therefore, Plaintiff meets the first and third prongs of the Fourth Circuit's four prong test.

Additionally, while Plaintiff has engaged in the conduct described herein, the continuation of this action has caused the Defendants to incur continuing costs and expenses associated with this lawsuit, while Plaintiff's failure to cooperate in discovery has also prejudiced the Defendants' ability to ascertain the facts and prepare a defense in this action. Therefore, the facts in this case clearly also satisfy the second prong in the Fourth Circuit's four prong test.

As to whether sanctions less drastic than dismissal exist which could be utilized in the case, the record in this file shows that Plaintiff has failed to respond to notices and filings received from the Defendants, has failed to provided responses to discovery requests, and has failed to respond to Court orders. While the undersigned is mindful of the fact that the Plaintiff is proceeding pro se, and that Federal Courts have historically treated pro se litigants with some degree of liberality, pro se litigants are not immune from any sanction by virtue of their status alone. See Ballard, 882 F.2d at 95-96; Gantt v. Maryland Div. Of Correction, 894 F.Supp. 226 (D.Md. 1995), aff'd, 73 F.3d 357 (4th Cir. 1996). Here, Plaintiff was specifically warned by the Court that his failure to respond to the Defendants' motion to dismiss could result in dismissal of his case. Cf. Ballard, 882 F.2d at 95 [Magistrate judge's prior explicit warning that a recommendation of dismissal would result from Plaintiff failing to obey his order was proper grounds for the district court to dismiss suit when Plaintiff did not comply despite warning]. Notwithstanding these instructions and warning, Plaintiff failed to file any response or to contact the Court in any way. Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 954, n.2 (4th Cir. 1987) [noting that warning to parties was a "salient fact" that distinguished cases in which default judgment was appropriate sanction for discovery abuse under

4



Rule 37]; see also Mutual Federal Savings and Loan Ass'n v. Richards & Associates, Inc., 872 F.2d 88, 92 (4th Cir. 1989). Therefore, the undersigned finds that dismissal is the appropriate sanction in this case. See also Simpson v. Welch, 900 F.2d 33, 35-36 (4th Cir.1990).

## Conclusion

Based on the foregoing, it is recommended that the Defendants' motion be **granted**, and that this case be dismissed pursuant to Rule 41(b), Fed.R.Civ.P.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

July 3, 2013
Charleston, South Carolina



5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

