IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Ernie Simmons, ) | |
| ) | C/A No. 2:12-cv-2950-RMG |
| Plaintiff, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| Berkeley County Sheriff's Department, ) | |
| Wayne DeWitt in his official capacity as ) | |
| Sheriff of Berkeley County, Chris Collins, ) | |
| Mark Fields, and Miranda Steele, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge recommending this Court grant Defendants' motion to dismiss for lack of prosecution. (Dkt. No. 24). For the reasons set forth below, the Court agrees with and adopts the R&R as the order of the Court.

**Background**

Plaintiff filed this civil action in state court, which Defendants removed on October 11, 2012. (Dkt. No. 1). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC, this case was automatically referred to a Magistrate Judge. The Court then issued a scheduling order on October 22, 2012. (Dkt. No. 5). On March 8, 2013, the Court issued an order granting Plaintiff's attorney's motion to withdraw as attorney without objection from Plaintiff. (Dkt. No. 13). Plaintiff has since proceeded *pro se* in this action. On May 9, 2013, Defendants filed a motion to dismiss for lack of prosecution, (Dkt. No. 19), and the same day, the Court issued an order directing Plaintiff to notify the Clerk in writing of any address changes. (Dkt. No. 20). On May 13, 2013, the Court sent a *Roseboro* order to Plaintiff advising him of

1

dismissal procedures and possible consequences of failing to respond to Defendants' motion. (Dkt. No. 22). Plaintiff failed to respond to Defendants' motion to dismiss and failed to notify the Court of any change in address. The Magistrate Judge then issued the present R&R on July 3, 2013. (Dkt. No. 24). Plaintiff failed to file any objections to the Magistrate Judge's R&R.

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. This recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

Federal Rule of Civil Procedure 41(b) permits the dismissal of an action if a plaintiff fails to prosecute or comply with a court order. A federal court may use its discretion in deciding whether to dismiss a case with prejudice. *See Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978). The Fourth Circuit has set forth four criteria a district court must consider in deciding whether to dismiss a case with prejudice: "(1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay; (3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Id.* (citing *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976)) (quotations omitted).

In reviewing these pleadings, the Court is mindful of Plaintiff's *pro se* status. This Court is charged with liberally construing the pleadings of a *pro se* litigant. *See, e.g., De'Lonta v.*

*Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The requirement of a liberal construction does not mean, however, that the Court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim, or that a court must assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

### Law/Analysis

Plaintiff has failed to contact the Court or respond to orders since the withdrawal of his attorney on March 8, 2013. Plaintiff has also failed to respond to Defendants' discovery requests or to Defendants' letter dated April 10, 2013, relating to his overdue discovery responses. (Dkt. No. 19). Further, Plaintiff has failed to file a response to Defendants' motion to dismiss or objections to the Magistrate Judge's R&R. In light of the criteria laid out by the Fourth Circuit in *Davis*, 588 F.2d at 70, the Court finds: (1) Plaintiff was personally responsible in failing to respond to the Court and Defendants; (2) Plaintiff prejudiced Defendants by failing to cooperate with discovery and causing Defendants to continue to incur costs related to this litigation; (3) Plaintiff has clearly drawn out this case by failing to participate and cooperate with the Court and Defendants; and (4) other sanctions less drastic than dismissal would not be appropriate when Plaintiff received sufficient notice that his failure to respond could result in the dismissal of this case.

### Conclusion

For the reasons set forth above, the Court agrees with and adopts the R&R of the Magistrate Judge as the order of the Court. (Dkt. No. 24). Accordingly, the Court **GRANTS** Defendants' motion to dismiss for lack of prosecution, (Dkt. No. 19), and **DISMISSES** Plaintiff's claims *with prejudice.*

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Judge

July 29, 2013
Charleston, South Carolina